UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BODHI TREE,

        Petitioner,

    v.

JIM ROBERTSON,

        Respondent.

Case No. 18-cv-01470-JSC

**GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO RESPONDENT TO SHOW CAUSE**

Dkt. No. 5

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his sentence.[1]  Petitioner's application for leave to proceed in forma pauperis is GRANTED due to Petitioner's lack of funds.  Because the petition states cognizable grounds for federal habeas relief, a response from Respondent is warranted.

## BACKGROUND

In 2014, Petitioner was convicted in Humboldt County Superior Court of two counts of second-degree murder and one count of attempted first-degree murder.  The trial court sentenced him to a term of 112 years to life in state prison based upon those convictions as well as sentence enhancements for the use of firearms.  On appeal, the California Court of Appeal affirmed the judgment.  The California Supreme Court denied a petition for review.  Petitioner also filed a

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 6.)

petition for a writ of habeas corpus in the Humboldt County Superior Court challenging the firearms enhancements. Petitioner then filed the instant federal petition.

## DISCUSSION

I.    Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.    Legal Claims

Petitioner makes the following claims: (1) the prosecution withheld material evidence from the defense; (2) the trial court erred by admitting evidence from "jailhouse informants;" and (3) the trial court erred by admitting DNA evidence. These claims, when liberally construed, present cognizable grounds for federal habeas relief.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1. The Clerk shall serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall complete and file the Magistrate Judge jurisdiction consent form in accordance with the deadline provided on the form.

3. Respondent shall also file with the Court and serve on Petitioner, within **ninety-one (91) days** of the date this Order is issued, an answer conforming in all respects to Rule 5 of the Rules

Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent within **twenty-eight (28) days** of the date the answer is filed.

4. Respondent may, within **ninety-one (91) days** of the date this Order is issued, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 19, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BODHI TREE,<br><br>        Plaintiff,<br><br>    v.<br><br>JIM ROBERTSON,<br><br>        Defendant. | Case No.  18-cv-01470-JSC<br><br>**CERTIFICATE OF SERVICE** |

      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

      That on April 19, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bodhi  Tree ID: AV0116
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532-7000


Dated: April 19, 2018


Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY